UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg

JENNIFER W. PLUNKETT,
        Plaintiff,

v.                                                   Civil Action No. 6:14-cv-00028

CROSSROADS OF LYNCHBURG, INC.
and
MERCEDES-BENZ USA, LLC,
        Defendants.

### DEFENDANT MERCEDES-BENZ USA, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

This motion concerns whether a franchisor should be liable under Virginia law merely for its alleged influence on the floor materials chosen for its franchisee's private business. Because the answer to this question is that the franchisor has no duty to prevent a wet floor upon premises it does not possess or control, and that a franchisor does not breach a duty by suggesting one flooring material over another, this motion should be granted.

### Procedural History

This Memorandum is filed pursuant to Local Rule 11(c) and Paragraph 6 of this Court's Pre-Trial Order (Docket No. 10) in support of Defendant Mercedes-Benz USA, LLC's ("MBUSA") Motion to Dismiss Plaintiff's Complaint. This matter originated in the Circuit Court for the City of Lynchburg, Virginia, and was removed to this Court on July 29, 2014, by Defendant Crossroads of Lynchburg, Inc. ("Crossroads"). MBUSA's time to respond to Plaintiff's Complaint in the removed state court action had not expired when this matter was removed. On August 15, 2014, MBUSA filed a timely Demurrer in Virginia Circuit Court and was notified at that time of the removal. MBUSA then filed its Rule 12(b)(6) Motion to Dismiss on August 15, 2014. On August 18, 2014, this Court entered a Pre-Trial Order (Docket No. 10),

which included in Paragraph 6: "If a motion that is not unopposed has been filed before this order without legal argument to support it, the movant must file a supporting brief within 14 days of the date of this Order…"

Therefore, this Memorandum in Support is timely filed by MBUSA in accordance with this Court's Pre-Trial Order and the requirements of the local rules and applicable Federal Rules of Civil Procedure.

## Factual Background

This matter stems from a fall that the Plaintiff sustained on the premises of Crossroads, a car dealership and service location, on March 21, 2012. (Compl. at ¶ 6). Plaintiff alleges that Crossroads was negligent in its failure to maintain its walkway free from a dangerous and wet condition. (Compl. at ¶ 7). Plaintiff's complaint further alleges that MBUSA franchised the right to sell its vehicles at this business location to Crossroads in Lynchburg, Virginia at all relevant times. (Compl. at ¶ 2). The Plaintiff also claims negligence by MBUSA, the franchisor, under the theories that it failed to protect invitees from a wet floor and that it mandated a hazardous floor material in this location. (Compl. at ¶ 8). Specifically, the complaint alleges that MBUSA required the floor at Crossroads to be painted in a high-gloss paint, making liquid on the floor difficult to detect. (Compl. at ¶ 8). The only allegation of duty owed to the Plaintiff by MBUSA appears in Paragraph 4, where the Plaintiff alleges that it "had a duty not to mandate a retail dealership design and/or display that was inherently dangerous to Crossroads' customers and/or invitees." The Plaintiff's complaint does not allege that MBUSA's alleged choice of floor finish violated an "established safety standard" or that it otherwise owed any other duty to her.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243-44 (4th Cir. 1999). When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See id.* at 244. However, the Court is not bound to accept as true the complaint's legal conclusions. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

In order to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, that if accepted as true, 'state[s] a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

The plausibility standard is not comparable to a lower "probability" standard, as it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly,* 550 U.S. at 556-57). It is not sufficient that a complaint provide "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. It is also insufficient if a complaint tenders naked assertions devoid of further factual enhancement. *See id.* at 557. Instead, a plaintiff has an obligation to provide the "grounds of his entitlement to relief." *Id.* at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but has not shown-that the pleader is entitled to relief." *Iqbal,* 129 S. Ct. at 1950. In such a case, dismissal is appropriate.

## Argument

**I. The Plaintiff's Complaint Fails to State a Claim Against MBUSA for Negligent Maintenance of Crossroads' Premises Upon Which Relief Can be Granted**

The Plaintiff's Complaint advances two theories of negligence against MBUSA. First, the Complaint alleges that MBUSA negligently selected a high-gloss floor paint for a walkway in Crossroads' business location. (Compl. at ¶ 8). Second, the Complaint alleges that MBUSA failed to warn Crossroads' invitees of the unreasonably dangerous condition presented by the subject floor. (Compl. at ¶ 8). Both of these allegations fail to state a legally plausible claim upon which relief can be granted as a matter of law.

This matter, removed to this Court on diversity grounds, is governed by the substantive law of Virginia. *See Salve Regina College v. Russell,* 499 U.S. 225, 226 (1991). Under Virginia law, a franchisor has no duty to protect the invitees of its franchisee from injury on the franchisee's premises. *See Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 495, 219 S.E.2d 874, 878 (Va. 1975). In *Murphy*, the court examined whether a franchisor could be held negligent for an injury of its franchisee's invitee. *See id*. at 493. The court specifically examined the degree of control that the franchisor was alleged to have had on the franchisee's motel operations. *See id*. at 495. The court determined that the allegations that the franchisor had no control of day-to-day operations were largely dispositive of whether it could have a duty to its franchisee's invitees. *See id*. at 495. Of particular relevance to this matter, the court also found that the franchisor's control over the design of its franchisee's premises did not provide a duty to invitees. *See id*. at 495. Given these findings, the court affirmed a lower court judgment in favor of the franchisor. *See id*. at 495.

The franchisor/franchisee relationship is also much akin to that of a landlord/tenant relationship with respect to duty to invitees under Virginia law. In *Harbour Enterprises, Inc. v. Ferro*, 231 Va. 71, 73-74, 340 S.E.2d 818, 819 (Va. 1986), the Supreme Court of Virginia explained that "[g]enerally, a landlord is not liable to third persons for negligent or willful acts of the tenant or the tenant's employees." This general rule applies to the landlord/tenant relationship in a premises liability action because the landlord cedes control of the premises upon leasing to the tenant, is not in possession of the property at the time of the injury, and has no direct contact with the subject property, dangerous condition, or the invitees themselves. *See Holmes v. Reid*, 80 Va. Cir. 514, at *6 (Norfolk Circuit Court, July 9, 2010). The landlord/tenant relationship is much like the franchisor/franchisee relationship in that one party ceases to have control of the premises' condition by virtue of a contractual agreement, although that party played some role in the initial design of the subject premises. In both situations, Virginia law provides that the franchisor (or landlord) has no liability for a dangerous condition not in its control. *See Harbour Enterprises*, 231 Va. at 73-74; *see also Holmes*, 80 Va. Cir. at *6. The Plaintiff's argument that a general duty is owed due to an alleged special relationship is inapposite, as the franchisor/franchisee relationship clearly does not permit such a general duty under Virginia law.

Under these principles of Virginia law, the Plaintiff cannot advance a claim against the franchisor, MBUSA, that it owed a duty to maintain its franchisee's property or to warn its franchisee's invitees about a dangerous condition. It is axiomatic that, under Virginia negligence law, MBUSA cannot be held liable for injuries in the absence of a legally cognizable duty. *See King v. Island Creek Coal Co.*, 339 F.Supp.2d 741, 745 (W.D. Va. 2004) (holding that a legally cognizable negligence claim in Virginia requires a showing of legal duty, breach of that duty,

5

and resultant injury proximately caused by the breach). The Plaintiff's Complaint alleges six distinct acts/omissions to assert that MBUSA was negligent, four of which fail because, as discussed below, MBUSA lacked any legal duty to Crossroads' invitees. (Compl. at ¶ 8, (a)-(f)). Of the remaining two allegations against MBUSA, Paragraph 8(f) of the Complaint fails to state any factual claim whatsoever that satisfies the requirements of *Iqbal, see Iqbal*, 129 S. Ct. at 1950, and Paragraph 8(a) fails to state a claim as discussed in Section II *infra*.

The first of Plaintiff's allegations to fail for lack of a duty owed by MBUSA is found in Paragraph 8(b) of Plaintiff's Complaint, which states that MBUSA "failed to prevent an unreasonable risk of harm to its invitees and the general public." The Plaintiff's Complaint alleges that Crossroads was the owner and operator of the subject property, and that only Crossroads had a duty to maintain the premises in a reasonably safe condition. (Compl. at ¶ 3). The only control or possession of the subject premises alleged to MBUSA was over certain aspects of the design. (Compl. at ¶ 4). As in *Murphy*, the Complaint only alleges that MBUSA had control over the subject premises for initial design purposes, but not for day-to-day operations. *See Murphy*, 216 Va. at 495. This allegation that MBUSA, a franchisor, had a duty to its franchisee's invitees must fail as a matter of law because it exercised no daily control over the premises, like in *Murphy*. *See id*. at 495. Further, the mere allegation that MBUSA exercised some control over design of the subject premises is not sufficient to allege a duty to "prevent an unreasonable risk of harm to its invitees and the general public" as alleged in Paragraph 8(b) of the Complaint. *See id*. at 493. Without such a duty, Paragraph 8(b) cannot state a claim for negligence upon which relief can be granted. *See King*, 339 F.Supp.2d at 745.

The second allegation that must fail as a matter of law is Paragraph 8(c) of Plaintiff's Complaint, which states that MBUSA "failed to adequately warn its invitees and the general

6

public of the dangerous condition presented by the high-gloss paint, although MBUSA knew, or in the exercise of reasonable care should have known, that the dangerous condition existed." For the same reasons as set forth above, MBUSA did not exercise day-to-day control over its franchisee's premises and, thus, cannot have a legal duty to its franchisee's invitees. *See Murphy*, 216 Va. at 495. Paragraph 8(c) fails to state a claim for negligence, as it does not supply the essential element of duty. *See King*, 339 F.Supp.2d at 745.[1]

Paragraphs 8(d) and 8(e) of Plaintiff's Complaint must also fail as a matter of law. Paragraph 8(d) alleges that MBUSA "failed to correct the dangerous condition of the floor despite the fact that MBUSA, its agents, and its employees knew or should have known that invitees had previously fallen due to the difficulty of detecting liquid on the high-gloss floor." Paragraph 8(e) alleges that MBUSA "failed to take the appropriate efforts to protect its invitees and the general public from the dangers presented by a wet, high-gloss walkway." Neither of these allegations support a claim that MBUSA had a legally cognizable duty to its franchisee's invitees in light of the lack of control over the premises alleged in Paragraphs 3 and 4 of the Complaint. *See Murphy*, 216 Va. at 495. Without such a duty, Paragraphs 8(d) and 8(e) of Plaintiff's Complaint cannot state a claim for negligence upon which relief can be granted. *See King*, 339 F.Supp.2d at 745.

## II. The Complaint's Allegations that MBUSA Was Negligent in Requiring a High-Gloss Floor Paint on Crossroads' Property Fail to State a Claim Under Virginia Law Upon Which Relief Can Be Granted

Paragraph 8(a) of the Complaint alleges that MBUSA was negligent in that it "required the floor of dealerships selling its products, including Crossroads, to be painted in a high-gloss paint, rendering liquid on the floor exceptionally difficult for invitees to detect." Paragraph 8

---

[1] It is unclear whether Paragraph 8(c) of Plaintiff's Complaint also alleges that MBUSA was negligent in selecting high-gloss paint, which is more directly alleged in Paragraph 8(a). As will be discussed below, such an allegation similarly fails to state a claim upon which relief can be granted under Virginia law.

fails to otherwise allege any defect in this floor other than this "hazardous condition," and does not allege that MBUSA breached any established safety standard in selecting this particular floor finishing.

Under established Virginia law, which is also consistent with the law of other jurisdictions, the act of choosing one floor finishing over another cannot provide the basis for a negligence claim. The Supreme Court of Virginia examined this issue in *Morrison-Knudsen Co., Inc. v. Wingate*, 254 Va. 169, 173, 492 S.E.2d 122, 125 (Va. 1997), and held that "[s]imply because one method of finishing concrete may be better or preferable to another does not mean that the other is necessarily unacceptable or that its use would constitute negligence under circumstances similar to those present." In *Wingate*, the plaintiff alleged that a stairway landing was negligently equipped with a smooth-finished concrete surface, as compared to a broom-finished concrete surface that might have offered better traction. *See id*. at 173. The court explained that this allegation merely offered the bald assertion that a broom-finished concrete surface provides certain preferable features for a concrete landing. *See id*. at 173. However, the plaintiff failed to allege industry guidelines or safety standards to demonstrate that the smooth-finished concrete surface was inherently unsafe or unacceptable such that it would constitute negligence. *See id*. at 173. The court ruled that an allegation that one flooring surface was preferable over another did not rise to the level of a legally cognizable claim of breach of any duty of care. *See id.* at 175.

This Court has also addressed whether the selection of one flooring finish over another provides a basis for negligence under Virginia law. See *Babb v. Boddie-Noell Enterprises, Inc.*, 69 F.Supp.2d 812, 814 (1998). In *Babb*, the plaintiff claimed that the negligent selection of a defective floor tile caused his injuries. *See id.* at 814. This Court explained that the naked

assertion that a floor tile selection was defective was not sufficient to state a claim for negligence.  *See id*. at 814.  Instead, a plaintiff must state a claim for negligent flooring selection by offering "some proof that the product breached an established safety standard which may come from industry, government or consumer expectations."  *See id*. at 814 (citing *Alevromagiros v. Hechinger Co.,* 993 F.2d 417, 420 (4th Cir.1993)).

The Complaint in this matter fails to provide any plausible allegation that MBUSA was negligent in its selection of flooring finish, and instead offers only the naked assertion that a high-gloss paint is a "hazardous condition" when applied to a floor.  (Compl. at ¶ 8).  Notably, like in *Babb*, the complaint does not allege that the selection of a high-gloss paint breached an established safety standard of any kind.  *See id*. at 814.  The Plaintiff's claim in Paragraph 8 of Plaintiff's Complaint is much akin to the claims made by the plaintiff in *Wingate*, as it merely alleges that a high-gloss finish is less preferable than another floor finish.  *See Wingate*, 254 Va. at 173.  The mere assertion that a high-gloss floor is less preferable to another floor finish is not sufficient to constitute a claim of negligence in Paragraph 8(a) of the Complaint.  *See id*. at 175.  Further, the failure to identify any established safety standard that MBUSA breached dooms the Plaintiff's claim of negligence in Paragraph 8(a).  *See Babb*, 69 F.Supp.2d at 814.

As discussed in Section I *supra*, an allegation of negligence requires a breach of a duty in order to state a legally cognizable claim.  *See King*, 339 F.Supp.2d at 745.  Under Virginia law, the mere selection of one flooring material over another, without an allegation that a safety standard had been violated, is insufficient to state a claim for breach of duty.  *See Wingate*, 254 Va. 173; *see also Babb*, 69 F.Supp.2d at 814.  Without this essential element of negligence, the Plaintiff's allegations in Paragraphs 8(a) and 8(c) of the Complaint fail to state a claim upon which relief can be granted, and must be dismissed.

9

**III. The Plaintiff's Complaint Fails to Allege a Viable Theory of Liability Under Which MBUSA Would Have Proximately Caused Her Injuries, as Crossroads' Alleged Negligence Was a Superseding Proximate Cause**

In the event that this Court determines that the Complaint adequately alleges plausible claims of duty and breach thereof, the Complaint should also be dismissed as to MBUSA because it fails to allege an adequate causal connection between MBUSA's alleged negligence and the Plaintiff's injuries. "The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Williams v. Le*, 276 Va. 161, 167, 662 S.E.2d 73, 77 (2008) (quoting *Beverly Enterprises–Virginia v. Nichols,* 247 Va. 264, 269, 441 S.E.2d 1, 4 (1994)). Under Virginia law, a superseding event may relieve a party of liability for alleged negligence. *See id*. at 167. "A superseding cause is an independent event, not reasonably foreseeable, that completely breaks the connection between the Defendant's negligent act and the alleged injury or death. A superseding cause breaks the chain of events so that the Defendant's original negligent act is not a proximate cause of the Plaintiff's injury in the slightest degree." *Id*. at 166.

The Complaint in this matter plainly alleges two separate instances of negligence: (1) negligence in the selection of a high-gloss floor paint; and (2) negligence in the failure to protect invitees from the hazard of a wet floor. (Compl. at ¶¶ 7-8). Assuming the premise that the Plaintiff's Complaint states a sufficient claim for the first instance of negligence, the second instance of negligence is an intervening and superseding cause of the Plaintiff's injuries. But for the wet floor condition allegedly allowed to occur by Crossroads, the Plaintiff would not have slipped on any surface. The wet floor could not be imputed to MBUSA's negligence, as MBUSA did not have possession or control of the premises. (Compl. at ¶¶ 3-4). Where, as in

this case, MBUSA's alleged negligence could not have "in the slightest degree" caused the wet floor upon which the Plaintiff fell, the MBUSA's negligence cannot be a proximate cause of the Plaintiff's injuries as a matter of law. *See Williams*, 276 Va. At 167-68.

As discussed in Section I *supra*, an allegation of negligence must also demonstrate proximate causation in order to state a legally cognizable claim. *See King*, 339 F.Supp.2d at 745. The Plaintiff's Complaint in this matter plainly alleges a superseding proximate cause such that her injuries would not have occurred but for Crossroads' negligence. (Compl. at ¶ 7). While the Plaintiff states that this allegation is sufficient to allege proximate causation of MBUSA, it fails to address that MBUSA's alleged negligence cannot be a proximate cause of her injuries due to the superseding cause pleaded in her Complaint. For this reason, the Plaintiff's complaint fails to state a legally cognizable claim for negligence against MBUSA and should be dismissed as to this Defendant.

## Conclusion

The Plaintiff's Complaint fails to state a claim of negligence against MBUSA such that relief can be granted, and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6). A claim for negligence requires well-pleaded elements of duty, breach, and proximately-caused injury under Virginia law. The Complaint is deficient in that it fails to allege a duty owed by MBUSA to protect the invitees of its franchisee, Crossroads, that is legally cognizable under Virginia law. Additionally, the Complaint fails as a matter of law to state a breach of duty for choosing one flooring surface over another without any allegation that an established safety standard was breached in making such a choice. Finally, even if this Court believes that duty and breach were plausibly pleaded in the Complaint, any negligence alleged to MBUSA cannot be a proximate cause of the Plaintiff's injuries as a matter of law due to the superseding cause pleaded in the

Complaint. Therefore, this Court should dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, for these reasons and those to be offered at oral argument, Defendant Mercedes-Benz USA, LLC, respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) as to Defendant Mercedes-Benz USA, LLC and for such further relief as the Court deems appropriate.

Respectfully submitted,

MERCEDES-BENZ USA, LLC

/s/
Gretchen A. Jackson (Va. Bar No. 73064)
LeClairRyan, A Professional Corporation
123 East Main Street, 8th Floor
Charlottesville, Virginia 22903
Phone: (434) 245-3445
Fax: (434) 296-0905
gretchen.jackson@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

James B. Feinman, Esquire
Andrew D. Finnicum, Esquire
Law Offices of James B. Feinman
P.O. Box 697
Lynchburg, VA 24505
*Counsel for Plaintiff*

Mark Q. Emick, Jr., Esquire
Michael Scott Fell, Esquire
Kalbaugh Pfund & Messersmith
2840 Electric Road, Suite 111
Roanoke, VA 24018
*Counsel for Crossroads of Lynchburg, Inc.*

/s/
Gretchen A. Jackson